UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAMIKO J. DAVIS,

        Plaintiff,

vs.                               Case No.  3:06-cv-167-J-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,[1]

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Consent Petition for Attorney Fees

(Doc. 18) filed May 7, 2007.  Plaintiff's counsel certifies the Commissioner has no

objection to the motion or to the amount of the requested fee.  (Doc. 18, ¶8).  This

Petition follows the entry of a Judgment reversing and remanding the decision of the

ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Docs. 16 and 17).

**A.  Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party

may recover an award of attorney's fees against the government provided the party

meets five requirements: (1) the party seeking the award is the prevailing party; (2) the

application for such fees, including an itemized justification for the amount sought, is

timely filed; (3) the claimant has a net worth of less than $2 million at the time the

---

[1]   Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of the Social Security Administration.  See Rule 25(d)(1), Fed.R.Civ.P.

Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

      1.  Prevailing Party

      The Judgment in this case (Doc. 17), filed on February 8, 2007, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

      2.  Timely Application

      A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G). Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99  F.3d 1086, 1095 n. 4 (11th Cir. 1996). Here, the Judgment was entered on February 8, 2007, and the Petition was filed on May 7, 2007, eighty-eight days later.  Accordingly, the Petition was timely filed.

3.  Claimant's Net Worth

Plaintiff asserts that her net worth was less than $2 million at the time this proceeding was filed and the Commissioner does not contest.  Accordingly, the Court finds this requirement satisfied.

4.  Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole.  See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

5.  No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

**B.  Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought.  Plaintiff requests an award of $4,048.98 in attorney's fees, representing 25 hours at hourly rates of $161.85 for work performed in 2006 and $163.37 for work performed in 2007.  (Doc. 18). Plaintiff also seeks an award of costs in the amount of $250.00 for the filing fee.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate.  The Commissioner does not oppose Plaintiff's proposed hourly rates of $161.85 for work performed in 2006 and $163.37 for work performed in 2007.  Accordingly, the Court will adopt these rates. The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. §406(b)(1).  There is no contention here that the claimed fee would exceed that amount.

The Plaintiff seeks an award based on 25 hours of attorney time.  The Court believes 25 hours of attorney time is reasonable in this case.  Therefore, the Court finds $4,048.98 ($161.85 x 23.2 hours plus $163.37 x 1.8 hours) is a reasonable fee in this case.  Moreover, Plaintiff will be awarded costs in the amount of $250.00 for a total award of $4,298.98.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.      Plaintiff's Consent Petition for Attorney's Fees  (Doc. 18) is **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,048.98 in attorney's fees and $250.00 in costs for a total award of $4,298.98.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  8th  day of

May, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record